UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION


FILED
JUL 01 2009

******************************************************************

| | | |
|---|---|---|
| JOEL ALVIN JOHNSON, JR. | * | CIV 09-3010 |
| Petitioner, | * | |
| -vs- | * | OPINION AND ORDER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

******************************************************************

Petitioner was charged with five counts of aggravated sexual abuse of a child involving two sisters. Three counts were dismissed because one of the victims was unable to articulate the allegations as to her abuse at trial. Petitioner was convicted of one of the remaining counts of aggravated sexual abuse of a child and was sentenced on April 30, 2007, to 152 months custody in CR 05-30124. He appealed and the United States Court of Appeals for the Eighth Circuit affirmed his conviction and sentence. United States v. Johnson, 519 F.3d 816 (8th Cir. 2008). His petition for a writ of certiorari was denied on October 6, 2008.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner contends that counsel was ineffective in 1) failing to "insist on proper jury instructions on facts which were used to enhance his sentence, 2) failing to appeal the application of the five level enhancement for repeat and dangerous sex offender pursuant to Guidelines § 4B1.5, and 3) failing to appeal the jury instructions. Petitioner further contends that he was denied the right to a fair and impartial judge when I "forced [counsel] on movant, and allowed him to engage in ineffective assistance at both jury trial and on direct appeal." Petitioner requests the appointment of counsel and an evidentiary hearing on his motion. He has also filed a motion for the production of transcripts. I have conducted an initial review of the motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings.

# I. Ineffective Assistance of Counsel.

To support a claim of ineffective assistance of counsel, a two prong test must be met. "A reviewing court's task with respect to attorney performance is to 'determine whether, in light of all the circumstances, the [lawyer's performance was] outside the range of professionally competent assistance.'" Hill v. Lockhart, 28 F.3d 832, 837 (8th Cir. 1994), (*quoting* Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." *Id., citing* Strickland v. Washington, 466 U.S. at 694, 104 S.Ct. at 2068. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Petitioner claims counsel was ineffective in failing to ensure that instruction number 11, the charging instruction as to the crime of conviction, contained the factors used to enhance his sentence. Petitioner's guideline sentencing range was calculated pursuant to the 2002 version of the sexual abuse guideline, § 2A3.1. The base offense level was 27. The four point enhancement for abusing a child under the age of 12 and the two point enhancement for care, custody, or supervisory control were applied. The presentence investigation report also suggested applying the five level enhancement pursuant to § 4B1.5 for repeat and dangerous offender based upon the claimed sexual abuse set forth in the three counts involving the other victim.

Trial counsel filed a number of objections, including an objection to the five level repeat and dangerous offender enhancement. I sustained the objection and did not apply the enhancement because the second alleged victim did not articulate any facts at trial to substantiate the allegations concerning the petitioner's abuse of her. Therefore, petitioner's contention that trial counsel was ineffective for failing to ensure proper jury instructions as to that enhancement is frivolous. His contention that counsel was ineffective in failing to appeal the application of the enhancement on appeal is also frivolous.

2

Any claim that counsel was ineffective in failing to insist on proper jury instructions on the other facts used to enhance petitioner's sentence is also frivolous. Contrary to petitioner's contention, application of sentencing enhancements based upon findings made by the Court, not by a jury, does not violate United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that other than a prior conviction, facts used to enhance a sentence must either be admitted by the defendant or submitted to the jury and found beyond a reasonable doubt. The United States Supreme Court applied the rule in Apprendi in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), striking down a Washington determinate sentencing guidelines scheme. The United States Supreme Court applied the Apprendi rule to the Federal Sentencing Guidelines in United States v. Booker, *supra*. The Supreme Court in Booker excised a portion of the Sentencing Reform Act to make the Federal Sentencing Guidelines advisory only. United States v. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57. Under an advisory sentencing scheme, "[a] court may consider any evidence in its sentencing determination that has sufficient indicia of reliability to support its probable accuracy." United States v. Marshall, 411 F.3d 891, 894 (8th Cir. 2005).

Petitioner was not entitled to have the facts used to enhance his sentencing guideline range found by a jury. Therefore, counsel was not ineffective in failing to insist on jury instructions as to those enhancements nor in failing to appeal the fact that jury instructions were not submitted as to those enhancements.

In any event, the enhancement for age of the victim was in fact based upon the jury's finding, in accordance with instruction No. 11, that the victim had not attained the age of 12 years. Counsel appealed the sufficiency of the evidence and the Eighth Circuit found that there was sufficient evidence that the defendant did sexually abuse the victim when she was under the age of four years. The Eighth Circuit found that the petitioner committed the abuse when he was helping to take care of the victim. The enhancement for care, custody, or supervisory control was based upon that fact. Any claim that the enhancements were based on insufficient evidence is precluded because the claim is essentially based on an argument that was resolved in the earlier appeal. United States v. Miner, 345 F.3d 1004, 1006 (8th Cir. 2003).

3

## II. Right to Fair and Impartial Judge.

Petitioner contends that his right to a fair and impartial judge was violated when he was "forced" to proceed with counsel who was ineffective. As set forth above, I find that counsel was not ineffective as alleged in the motion to vacate. Petitioner cites 28 U.S.C. §§ 144 and 455 for the proposition that he is entitled to have his case presided over by a fair and impartial judge. He fails to articulate how the appointment of counsel pursuant to the Criminal Justice Act was in violation of either of those provisions. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

## III. Appointment of Counsel.

Petitioner has "neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000). "The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel." Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995). I have reviewed the record and can discern no arguably meritorious issues that appointed counsel could have raised. The appointment of counsel is not required in this case.

## IV. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED that the motion to vacate, set aside, or correct sentence is denied. The motion, Doc. 3, for production of transcripts is denied.

Dated this 1st day of July, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. Paepke
        DEPUTY
(SEAL)